UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:09-cr-160-T-23TGW
  8:10-cv-2036-T-23TGW

RANDY PETERSON
_____/

## ORDER

Peterson moves (Doc. 1) to vacate his sentence under 28 U.S.C. § 2255 and asserts four grounds of ineffective assistance of counsel. Upon consideration of the report and recommendation by Magistrate Judge Thomas G. Wilson and Peterson's objections (Docs. 32 and 37), an earlier order (Doc. 38) both denies ground one, which alleged that trial counsel rendered ineffective assistance by not appealing, and enters a judgment. A later order (Doc. 42) grants Peterson's motion to vacate the judgment because Peterson's three other grounds remained undecided. The present order determines that the remaining grounds warrant no relief.

Peterson was charged with conspiracy to possess with the intent to distribute 100 kilograms or more of marijuana. The United States filed a "Notice of Prior Conviction" (Doc. 20 in 09-cr-160), which triggered the possibility of an enhanced sentence under 21 U.S.C. § 851. (Doc. 20 in 08-cr-160) Peterson pleaded guilty and admitted to the following facts in his plea agreement (Doc. 25 at 14 in 09-cr-190):

> From an unknown date through October 17, 2008, in the
> Middle District of Florida, and elsewhere, the defendant
> participated with Dwight Breary and others in an unlawful

> agreement to distribute 100 kilograms or more of marijuana.
> The defendant would receive quantities of marijuana from
> Breary, totaling in excess of 100 kilograms, which the
> defendant would thereafter distribute to others in and around
> Pinellas County, Florida, before returning payment to Breary.
> Numerous telephone calls intercepted pursuant to a court order
> revealed the marijuana relationship between the defendant and
> Breary.

According to the "Presentence Investigation Report," Peterson earned a Criminal Offense Level 25 and a Criminal History Category VI. However, based on trial counsel's arguments at sentencing, Peterson's guideline range was lowered to an Offense Level 23 and a Criminal History Category V. The reduced guideline range proved of no benefit because the statutory mandatory minimum sentence under Section 851 is imprisonment for 120 months, which Peterson serves.

Peterson's remaining claims of ineffective assistance of counsel fault counsel for not opposing an enhancement under Section 851 (ground two), not pursuing application of Amendment 709 to the Sentencing Guidelines (ground three), and not seeking the return of $27,600 seized from his residence (ground four). Each claim lacks merits or is otherwise barred under the plea agreement.

**Section 851 Enhancement:**

The United States properly notified Peterson of its intent to pursue an enhanced sentence under 21 U.S.C. § 851 based on Peterson's 1996 conviction for possession of cocaine in Case No. 96-255CFANO, Sixth Judicial Circuit, Pinellas County, Florida). In ground two of his motion to vacate Peterson argues the inapplicability of Section 851 because he contends that the conviction was a

misdemeanor. To the contrary, possession of cocaine is a third degree felony under Chapter 893.13(6)(A), Florida Statutes (1995), and remains so today. Moreover, the 1996 conviction was too old for counsel to challenge because Section 851(e) precludes challenging a prior conviction "which occurred more than five years before the" federal criminal proceeding.

The United States correctly argues that, to the extent he seeks application of the Fair Sentencing Act of 2010 ("FSA"), Peterson is entitled to no relief under the FSA because he was sentenced before the FSA's effective date. Peterson was sentenced on September 14, 2009. The FSA became effective nearly a year later on August 3, 2010. *Dorsey v. United States*, 567 U.S. 260, 282 (2012); *United States v. Sumerlin,* 489 F. App'x 375, 377 (11th Cir. 2012) (applying *Dorsey*).

Lastly, to the extent he argues that the 1996 prior conviction was improperly used to determine his Criminal History Category, Peterson waived challenging the district court's application of the sentencing guidelines (other than for certain inapplicable exceptions) when he pleaded guilty under the plea agreement, which provides as follows (Doc. 25 at 11–12 in 09-cr-160):

> The defendant agrees that this Court has jurisdiction and
> authority to impose any sentence up to the statutory maximum
> and expressly waives the right to appeal defendant's sentence or
> to challenge it collaterally on any ground, including the ground
> that the Court erred in determining the applicable guidelines
> range pursuant to the United States Sentencing Guidelines . . . .

A valid appeal waiver precludes an ineffective assistance of counsel challenge to the sentence, other than a challenge to the validity of the plea or the plea

agreement. "When a valid sentence-appeal waiver containing express language waiving the right to attack a sentence collaterally is entered into knowingly and voluntarily, it will be enforceable and serve to prevent a movant from collaterally attacking a sentence on the basis of ineffective assistance of counsel." *Thompson v. United States*, 353 F. App'x 234, 235 (11th Cir. 2009) (*per curiam*). *See Cowart v. United States*, 139 F. App'x 206, 207–08 (11th Cir. 2005) (holding that a claim that challenges the validity of the guilty plea or the appeal waiver, and not the sentence, is not precluded by a sentence-appeal waiver), *citing United States v. Copeland*, 381 F.3d 1101, 1105 (11th Cir. 2004)). Peterson asserts no challenge to the validity of the plea.

Peterson cannot circumvent this waiver under the guise of ineffective assistance of counsel. A valid appeal waiver precludes an ineffective assistance of counsel challenge to the sentence, as *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir.), *cert. denied* 546 U.S. 902 (2005), explains:

> [A] valid sentence-appeal waiver, entered into voluntarily
> and knowingly, pursuant to a plea agreement, precludes the
> defendant from attempting to attack, in a collateral proceeding,
> the sentence through a claim of ineffective assistance of counsel
> during sentencing. [A] contrary result would permit a defendant
> to circumvent the terms of the sentence-appeal waiver simply
> by recasting a challenge to his sentence as a claim of ineffective
> assistance, thus rendering the waiver meaningless.

*See also United States v. Wilson*, 445 F. App'x 203, 208–09 (11th Cir. 2011) (enforcing the appeal waiver in a plea agreement and applying *Wilson* to dismiss the appeal of a claim of ineffective assistance of counsel at sentencing).

When he pleaded guilty, the Magistrate Judge ensured that Peterson understood "that you have waived your right to any sort of appeal as a result of the waiver that's in this plea agreement." (Doc. 39 at 12 in 09-cr-160). The colloquy ensured that Peterson understood the significance of the appeal waiver, a provision that precludes this collateral challenge. *See Williams*, 396 F.3d at 1342 ("[A]t the plea colloquy, the court specifically questioned Williams concerning the specifics of the sentence-appeal waiver and determined that he had entered into the written plea agreement, which included the appeal waiver, knowingly and voluntarily. The plain language of the agreement informed Williams that he was waiving a collateral attack on his sentence. Under these circumstances, the sentence-appeal waiver precludes a § 2255 claims [sic] based on ineffective assistance at sentencing.").

**Amendment 709:**

In ground three of his motion to vacate Peterson objects to receiving points toward his Criminal History Category based on prior convictions for driving while his license was suspended or revoked. As discussed above, the appeal waiver precludes this claim, even under the guise of ineffective assistance of counsel. Moreover, the sentence Peterson serves is based on the statutory minimum, not the Criminal History Category determined by the number of points accumulated for prior convictions.

**Forfeiture:**

In ground four Peterson faults counsel "for not making sure that [he] received his $27,600 . . . that the government was suppose to return . . . ." (Doc. 1 at 8)

Government agents seized the funds from Peterson's residence when he was arrested. Under the terms of the plea agreement, Peterson agreed to the forfeiture of assets. (Doc. 25 at 7–9 in 09-cr-160)  In accord with the administrative forfeiture requirements under 19 U.S.C. § 1607(a) and 21 U.S.C. § 881, forfeiture occurred nearly two months before sentencing, at which Peterson's counsel acknowledged that the asserts were forfeited.  (Doc. 37 at 24 in 09-cr-160).  As a consequence, Peterson fails to show that counsel rendered ineffective assistance.

Accordingly, the motion under 28 U.S.C. § 2255 to vacate sentence (Doc. 1), and as supplemented, is **DENIED**.  The clerk must enter a judgment against Peterson and close this case.

## DENIAL OF BOTH CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Peterson is not entitled to a certificate of appealability ("COA").  A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a certificate of appealability, Peterson must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because he fails to show

that reasonable jurists would debate either the merits of the claims or the procedural issues, Peterson is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Peterson must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on March 30, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE